# United States Tax Court

T.C. Memo. 2024-98

PATIENTS MUTUAL ASSISTANCE
COLLECTIVE CORPORATION, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 2265-20.                          Filed October 21, 2024.

—————

*Elisa M. Walker* and *Thomas W. Ostrander*, for petitioner.

*Nicholas J. Singer*, *Julie Ann Fields*, and *Darrick D. Sun*, for respondent.


## MEMORANDUM OPINION

MORRISON, *Judge*: On November 14, 2019, the Internal Revenue Service (IRS or respondent) mailed a Notice of Deficiency to petitioner, Patients Mutual Assistance Collective Corp., Inc. (PMACC). The Notice of Deficiency determined a $13,362,682 deficiency and a $2,672,536.40 section 6662(a)[1] accuracy-related penalty for PMACC's 2016 tax year.

PMACC timely filed a Petition for redetermination of the deficiency. We have jurisdiction under section 6213(a). The parties filed a comprehensive Joint Stipulation of Facts and filed Cross-Motions for

—————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Summary Judgment.  The issue to be decided is whether section 280E and the Controlled Substances Act are unconstitutional.

*Background*

The facts below are based on the pleadings and the parties' Stipulation of Facts (including the Exhibits attached thereto).

PMACC is a corporation that operates a medical cannabis dispensary licensed by the State of California.  When it filed the Petition, PMACC's principal place of business was in California.  During 2016 PMACC did not sell merchandise produced by PMACC.

For 2016 PMACC filed Form 1120, U.S. Corporation Income Tax Return.  On the Form 1120 PMACC reported that its taxable income was $1,042,943 and that its tax liability was $354,601.

The IRS issued a Notice of Deficiency determining a deficiency and a section 6662(a) penalty for 2016.  It determined that PMACC's taxable income was $39,192,237 and its tax liability was $13,717,283.

PMACC timely filed a Petition for redetermination of the deficiency.  The parties filed a Joint Stipulation of Facts and filed Cross-Motions for Summary Judgment.  In the Stipulation they agreed to the amount of gross receipts and the amount of cost of goods sold.  They also agreed that PMACC is not liable for a section 6662(a) penalty.

*Discussion*

Section 280E, entitled "Expenditures in Connection with the Illegal Sale of Drugs," provides:

> No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) which is prohibited by Federal law or the law of any State in which such trade or business is conducted.

During 2016 PMACC's sole trade or business consisted of trafficking in marijuana, for the purpose of section 280E, by operating a medical cannabis dispensary licensed by the State of California.

**[\*3]**    PMACC had \$13,150,618 of ordinary and necessary business expenses that would be deductible for tax year 2016 under section 162 without applying section 280E.    It had \$47,008 of charitable contributions that would be deductible for tax year 2016 under section 170 without applying section 280E.  It had \$123,204 of depreciation expenses that would be deductible for tax year 2016 under section 167 without applying section 280E.

Section 280E disallows the deductions described in the previous paragraph because PMACC was engaged in trafficking in controlled substances (within the meaning of schedules I and II of the Controlled Substances Act), which is prohibited by federal law but not prohibited by California law.

Without the application of section 280E, PMACC's taxable income would be \$718,604 and its tax liability would be \$244,325.  With the application of section 280E, PMACC's taxable income would be \$12,697,914 and its tax liability would be \$4,344,270.[2]

The sole issue remaining is whether section 280E should be applied in the calculation of PMACC's tax liability for tax year 2016. The resolution of this issue depends on the merits of two arguments made by PMACC: (1) Section 280E is unconstitutional because it is (a) an unapportioned direct tax or (b) an excessive fine in violation of the Eighth Amendment of the Constitution, and (2) the Controlled Substances Act is unconstitutional as applied to state-legal instrastate cultivation, manufacture, distribution, and possession of marijuana.[3] Neither of PMACC's arguments has merit.    Section 280E is constitutional under our precedent.  *N. Cal. Small Bus. Assistants Inc. v. Commissioner*, 153 T.C. 65 (2019); *see also Today's Health Care II LLC v. Commissioner*, T.C. Memo. 2021-96, at \*7.  The Controlled Substances Act is constitutional under Supreme Court precedent.  *Gonzales v. Raich*, 545 U.S. 1 (2005).  Therefore, we will grant respondent's Motion for Summary Judgment and deny petitioner's Motion for Summary Judgment.

---

[2] It follows that with the application of section 280E, the deficiency is \$4,344,270 minus \$354,601, or \$3,989,669.

[3] Our resolution of a prior case, which pertained to PMACC's tax years ended July 31, 2007 to 2012, involved different issues. *See Patients Mut. Assistance Collective Corp. v. Commissioner*, 151 T.C. 176 (2018), *aff'd*, 995 F.3d 671 (9th Cir. 2021), and *Patients Mut. Assistance Collective Corp. v. Commissioner*, T.C. Memo. 2018-208.

**[\*4]** Given the foregoing,

*An appropriate order will be issued, and decision will be entered under Rule 155.*